**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1949
_____

LYNNANN VOORHEES, an individual,

Appellant

v.

INDU TOLIA, an individual; VIRTUALITY LLC,
A New Jersey Corporation; CARE LLC, A New Jersey
Corporation; ADAM NEWMAN, an individual;
AUGTHAT LLC, a New Jersey Corporation

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-08208)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2018
Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed January 4, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Lynnann Voorhees appeals from the order of the District Court dismissing her complaint. We will vacate and remand for further proceedings.

I.

We briefly summarize only enough of the background to explain our decision. Voorhees alleges that she invented software services called "Augmented Reality for Education," including an augmented reality worksheet paired with a software application, or "app." She filed this civil action pro se alleging that defendants misappropriated those alleged trade secrets under New Jersey state law. She asserted numerous other state-law claims as well.

Voorhees alleged that, with an eye toward future business ventures, she shared her trade secrets with Indu Tolia pursuant to a nondisclosure agreement and that she shared them with Adam Newman as well. She further alleges that she, Tolia and Newman then formed a company called Virtuality LLC to market her services. According to Voorhees, however, Tolia and Newman later forced her out of ownership by defrauding her into signing a Stock Surrender Agreement and becoming an employee of Virtuality instead. Tolia and Newman then parted ways and formed companies of their own—CARE LLC (Tolia) and Augthat LLC (Newman). Voorhees claims that Tolia and Newman and their companies are illegally profiting from her trade secrets. She also claims that Tolia has breached the terms of her nondisclosure agreement. On the basis of these and other allegations, Voorhees filed suit against Tolia, Newman, and the entities Virtuality, CARE and Augthat.

2

Newman and Augthat never responded to Voorhees's complaint, so she obtained a default against them and filed a motion for the entry of default judgment. Tolia and CARE did respond to Voorhees's complaint by filing a motion to dismiss it under Fed. R. Civ. P. 12(b)(6). Virtuality conditionally joined in that motion as well.[1] Tolia and CARE attached various documents to their motion, including copies of the Stock Surrender Agreement referenced above and an Employment Agreement between Voorhees and Virtuality. Tolia and CARE argued in passing that provisions of those agreements waived or required Voorhees to arbitrate her claims, but they did not seek an order compelling arbitration and instead argued that Voorhees failed to state claims on the merits.

The District Court granted Tolia's and CARE's motion and dismissed Voorhees's complaint with prejudice. It did so on the sole grounds that (1) a provision of the Stock Surrender Agreement waived Voorhees's right to file suit, and (2) a provision of the Employment Agreement required her to arbitrate all of her claims. In light of its ruling, the District Court also denied as moot Voorhees's motion for a default judgment against Newman and Augthat. Voorhees appeals.[2]

---

[1] The same counsel represents Tolia, CARE and Virtuality. Counsel contested the propriety of service on Virtuality and stated that Virtuality was joining in the motion to dismiss only to the extent that the District Court might deem service proper. We need not address that issue.

[2] The District Court deemed Voorhees's notice of appeal filed on the thirtieth day following its order, so this appeal is timely and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal under the Rule 12(b)(6) standard. See CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 168 n.2 (3d Cir. 2014). In doing so, we may consider the Stock Surrender Agreement and Employment Agreement because

3

II.

Voorhees argues that the District Court erred in dismissing her complaint in its entirety on the basis the two contractual provisions referenced above. We agree.

First, the District Court relied on a provision of the Stock Surrender Agreement titled "Actions and Proceedings." (ECF No. 17-2 at 7-8, ¶ 14.) The District Court concluded that this provision contains a clause "waiving the parties' right to file a lawsuit" and that it "precludes Plaintiff from asserting her claims in this Court." That is not the case. The District Court relied on language of the provision stating that "each of the parties hereto hereby agrees to waive its respective rights to a jury trial of any claim or cause of action based upon or arising out of this agreement or the transactions contemplated hereby." (Id. at 7) (emphasis added). By its terms, this provision purports to waive only the parties' rights to a jury trial. It does not waive the parties' rights to a bench trial or otherwise preclude them from asserting claims in court. To the contrary, this provision includes a forum-selection clause permitting them to do so in New Jersey state or federal court, just as Voorhees has done here. (Id.)[3]

---

they are integral to and relied on in the complaint. See id. at 168 n.2.

[3] The District Court's discussion of this provision suggests that the court may have viewed it as an arbitration clause. But neither this provision of the agreement nor any other mentions arbitration, and a provision that merely waives the right to a jury trial is not an arbitration clause. See In re County of Orange, 784 F.3d 520, 529 n.4 (9th Cir. 2015) (noting that the Federal Arbitration Act "permits pre-dispute jury trial waivers" but "is not applicable here because it addresses such waivers only in the context of arbitration clauses, and the contract at issue contains no such clause"); Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 223 (3d Cir. 2007) (noting that "the submission of a case to arbitration involves a greater compromise of procedural protections than does the waiver of the right to trial by jury") (quotation marks omitted). We express no opinion

4

Second, the District Court relied on an arbitration clause contained in the Employment Agreement. Parties can be compelled to arbitrate claims only if they have contractually agreed to arbitration and only if the claims at issue are within the scope of that agreement. See CardioNet, 751 F.3d at 172. In this case, the arbitration clause requires arbitration of "[a]ny dispute arising under or related to [Voorhees's] employment with [Virtuality]." (ECF No. 17-3 at 6 ¶ 16.) To determine whether this clause requires arbitration of Voorhees's claims, the District Court should have looked to the "factual underpinnings" of each one of those claims to determine whether it fell within the scope of this clause. CardioNet, 751 F.3d 173.

The District Court, however, did not address whether or why any of Voorhees's claims are subject to this clause. It is not immediately apparent to us that all of them are. Voorhees, for example, alleges that Tolia breached a nondisclosure agreement that she signed before Virtuality was even formed. Voorhees also alleges that Tolia and Newman and their companies engaged in misconduct after her employment with Virtuality ended and are continuing to do so. It does not appear that these allegations necessarily concern a "dispute arising under or related to" Voorhees's employment with Virtuality.

Thus, we will vacate the District Court's dismissal of Voorhees's complaint and remand for further proceedings. If the District Court again reaches the issue of arbitrability on remand, it should apply the framework we set forth in CardioNet. In light of our ruling, we will vacate the District Court's denial of Voorhees's motion for a

---

on the validity of the jury-trial waiver in this case.

5

default judgment against Newman and Augthat as well.

We raise sua sponte one final issue that should be a threshold consideration on remand. Voorhees attempted to invoke the District Court's diversity jurisdiction under 28 U.S.C. § 1332. In that regard, she alleged that she "resides" in Pennsylvania and that Tolia and Newman "reside" in New Jersey. (ECF No. 1 at 3 ¶¶ 5, 7-8.) She also alleged that the entity defendants are organized in and have their principal places of business in New Jersey as well. (Id. ¶ 6.)

These allegations are insufficient. To be diverse, the parties must be "citizens" of different states. 28 U.S.C. § 1332. Allegations of an individual's residence are insufficient to allege that individual's citizenship. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018). As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen. See id. at 34. Voorhees did not allege these entities' membership or the citizenship of their members. Thus, Voorhees's allegations are not sufficient to invoke the District Court's diversity jurisdiction. Jurisdictional allegations, however, can be amended. 28 U.S.C. § 1653. The District Court should provide Voorhees with an opportunity to amend her jurisdictional allegations if and when appropriate on remand.

III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.